**Pedro HERNANDEZ–GONZALEZ;
et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 04–75519.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 9, 2006.

Teresa Salazar, Martin Resendez Guajardo, Esq., Law Offices of Martin Resendez Guajardo, San Francisco, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Joan E. Smiley, Esq., Carl H. McIntyre, Jr., U.S. Department of Justice, Washington, DC, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: LEAVY, GOULD, and CLIFTON, Circuit Judges.

MEMORANDUM **

Pedro Hernandez–Gonzalez, his wife Maria Isabel Villa Hernandez, and their children Anna Laura Hernandez–Villa and Pedro Enrique Hernandez–Villa, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' order affirming without opinion an immigration judge's ("IJ") order pretermitting their applications for suspension of deportation. We have jurisdiction under 8 U.S.C. § 1252. We review de novo an agency's interpretation of a statute and claims of constitutional violations in immigration proceedings. *See Ram v. INS,* 243 F.3d 510, 513–516 (9th Cir.2001). We grant the petition for review.

The IJ found that Pedro Hernandez–Gonzalez met the hardship and moral character requirements for suspension of deportation relief, but pretermitted the application on the basis that he was unable to establish seven years continuous physical presence. Although Hernandez–Gonzalez was issued an Order to Show Cause ("OSC") in 1982 and ordered deported, the IJ failed to consider whether Hernandez–Gonzalez may have once again began to accrue time for the purpose of suspension of deportation after re-entering the United States. *See* 8 U.S.C. § 1252b (1996). Accordingly, we remand to the agency to make this determination in the first in-

stance. *See INS v. Ventura,* 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

With respect to the remaining three petitioners, the IJ properly pretermitted their applications for suspension of deportation based on the OSC issued to them in 1989. *See Ram,* 243 F.3d at 515. Morever, the application of the stop-time rule to these petitioners was not unconstitutional. *See id.* at 517.

As to all the petitioners, we remand under *Padilla–Padilla v. Gonzales,* 463 F.3d 972, 981–82 (9th Cir.2006) because the BIA erred by shortening the voluntary departure period in a streamlined order.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

